United States District Court
Southern District of Texas
**ENTERED**
July 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAFAEL CORONA CAMPOS, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-05420 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARKWAYNE MULLIN, | § | |
| *et al*, | § | |
| Respondents. | § | |

ORDER ON DISMISSAL

Petitioner Rafael Corona Campos filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 9, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates the Due Process Clause of the Fifth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment. Id at ¶¶7–8.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 6. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 1. It also contends that the due process claims fail on the merits. Id at 3–9. Petitioner on reply reasserts his due process and Eighth Amendment claims. Dkt 7.

As noted in prior order, the Fifth Circuit issued a controlling decision with respect to the lawfulness of mandatory detention in this context under §1225(b)(2)(A). See *Buenrostro-Mendez*, 166 F4th at 494.

On July 2, 2026, the Fifth Circuit then issued a decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 2026 WL 1906557 (5th Cir). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16. On July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See *Sosnava Rodriguez v Ortega*, 2026 WL 2014647, *1 (5th Cir). This means that it is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has also previously determined certain issues raised in the petition. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of §1225(b)(2)(A).

- o *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that the pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

- o *Guerra Hernandez v Frink*, 4:26-cv-01001 (SD Tex, Apr 21, 2026): Holding that Justice Kennedy's concurrence in Demore v Kim,

538 US 510 (2003), is not controlling authority under the *Marks* rule.

o   *Tobar Tovar v Noem,* 4:25-cv-06056 (SD Tex, Dec 23, 2025): Holding that complaints regarding conditions of confinement aren't cognizable on *habeas* and must instead be brought by a civil rights action under 42 USC §1983.

The arguments in the petition and reply brief raise only issues resolved to the contrary in the decisions cited above.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

*       *       *

The motion by the Government for summary judgment is GRANTED. Dkt 6.

The petition for writ of *habeas corpus* by Petitioner Rafael Corona Campos is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

Petitioner is ADVISED to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez.* He may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

A final judgment will enter separately.

SO ORDERED.

Signed on July 27, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

3